IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN PAUL ARIAS, | ) | |
| | ) | |
| Petitioner, | ) | 4:06cv3208 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| ESTHER CASMER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus filed by the petitioner, John Paul Arias, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"). Also before the court is filing no. 2, the petitioner's Motion to Proceed In Forma Pauperis ("IFP"). As a preliminary matter, the petitioner qualifies to proceed IFP, and filing no. 2 is granted.

In his petition, Mr. Arias refers to 28 U.S.C. § 2241. However, the Eighth Circuit Court of Appeals has ruled that a state prisoner must use 28 U.S.C. § 2254, rather than 28 U.S.C. § 2241 for federal habeas corpus purposes. Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003). See also Crouch v. Norris, 251 F.3d 720, 724 (8th Cir. 2001): "Not only is § 2254 an appropriate vehicle for [the petitioner's] proposed claims, it is, as a practical matter, the only vehicle. This is because [the petitioner] is a 'person in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his pleadings are styled." Thus, this case is properly before the court pursuant to 28 U.S.C. § 2254.

The petitioner, who served in the Marine Corps from March 7, 1988 to March 6, 1992, returned from the Gulf War with awards, medals and an honorable discharge. However, he also received a service-connected partial disability rating for post-traumatic stress disorder ("PTSD"). Shortly after his return, he committed the crime for which he is serving a sentence of 15-30 years, i.e., first degree sexual assault of his former wife. He had no prior and has no subsequent offenses.

Despite his parole eligibility date of October 28, 2000, the Nebraska Board of Parole keeps denying the petitioner parole. The petitioner has introduced evidence (filing no. 4) that he has been a model prisoner, has no misconduct reports, has obtained education, gets along well with other prisoners and staff, has worked and sent money to his family, has remarried, has family and community support, has learned anger management and control, has engaged in long-term therapy in a veterans' center program, has educated himself regarding veterans' benefits and legal rights, and has participated in various DCS programs at the Nebraska State Penitentiary ("NSP"). The petitioner has received high

marks from the licensed mental health practitioner at the NSP, as reflected in letters from the practitioner to the Parole Board.

Unfortunately, the Parole Board appears insistent that the petitioner enroll in a particular sex offender treatment program. Thus, parole has been repeatedly denied, even though on January 13, 2000, Steven B. Blum, a Consulting Clinical Psychologist at the Lincoln Regional Center wrote that the petitioner is not a potential candidate for the Convicted Sex Offender Treatment Program that the Parole Board wants the petitioner to undertake, essentially because the petitioner has no diagnosis of a sexual disorder and no symptoms.

The petitioner has filed a "hybrid" habeas corpus and civil rights action. On the one hand, he seeks habeas corpus relief related to the alleged arbitrary and irrational decisions by DCS and the Nebraska Board of Parole refusing to consider him eligible or suitable for parole in the absence of sex offender treatment which the provider has already determined he does not need. At the same time, the petitioner seeks a declaratory judgment, a remedy appropriate for a civil rights complaint, challenging the deprivation of procedural due process protections previously extended to Nebraska prisoners in the parole context pursuant to Supreme Court precedent, but more recently eroded by the Nebraska Board of Parole.

The petitioner may not combine a habeas and a civil rights action in the same case. Therefore, this case will proceed as a habeas corpus petition, and the petitioner is free to file a new complaint reasserting his civil rights claims in a new case if he wishes. The filing fee for a habeas petition is $5 and is waived if, as in this case, the petitioner is permitted to proceed IFP. In an action pursuant to 42 U.S.C. § 1983, however, the filing fee is $350, and, because of the Prison Litigation Reform Act, the fee is not waived, but is paid in installments from the prisoner's inmate trust account.

However, the cardinal rule for habeas cases is that exhaustion of a petitioner's claims through the highest state court **must** precede the filing of a federal habeas corpus petition. If the petitioner has not exhausted his habeas claims, this action will be subject to dismissal. Because of the nature of his claims, the petitioner does have the choice of filing a civil rights case instead of, or in addition to, this habeas case. Until recently, inmates were not permitted to raise parole challenges in a civil rights action until the United States Supreme Court decided <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005)[1] (holding that

---

[1]In <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005), state prisoners brought an action under § 1983, claiming that state parole procedures were unconstitutional and seeking declaratory and injunctive relief. If a state maintains a parole system that creates a legitimate expectation of parole, a liberty interest in parole arises that is subject to the protections of the Due Process Clause. <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 442 U.S. 1, 12 (1979). In addition, if relying on an equal protection claim, a prisoner must demonstrate that he is similarly situated to other prisoners who received

habeas corpus petitions were not the exclusive remedy for prisoners seeking declaratory or injunctive relief for parole eligibility decisions). Of course, before doing so, the petitioner would have to comply with the formalities required by the PLRA, i.e., filing grievances all the way through the prison grievance system, naming all defendants whose recommendations concerning sex offender programming he protests, etc.

Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

This case has been assigned to Senior District Judge Warren K. Urbom. However, a Magistrate Judge may conduct initial review. Rule 10 of the *2254 Rules,* as amended, states: "A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."

IT IS THEREFORE ORDERED:

1.   That filing no. 2, the petitioner's Motion to Proceed In Forma Pauperis, is granted;

2.   That the Clerk of Court shall mail copies of the § 2254 petition to the respondent, i.e., the petitioner's custodian (Robert Houston), and to the Nebraska Attorney General by regular first-class mail;

3.   That, within twenty (20) days of the date of this Order, the respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, **or** the respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b);

---

more favorable treatment, and the discriminatory treatment was based on some constitutionally protected interest, such as race or national origin.

3

4. That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records;

5. That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with, or delivered to, the court at the time the Designation of Relevant State Court Records is filed;

6. That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed or delivered in support of the motion shall also be served on the petitioner;

7. That, whether the respondent files an answer or a motion for summary judgment, the petitioner may reply within 30 days thereafter; and

8. That, if necessary and requested in writing, each party shall be entitled to an extension of time.

DATED this 19th day of October, 2006.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge