IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN PAUL ARIAS, | ) | |
| | ) | |
| Petitioner, | ) | 4:06cv3208 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ESTHER CASMER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

    This matter is before the court on filing no. 7, the Objection by the petitioner, John Paul Arias, to the Order on Initial Review (filing no. 6) which I entered on October 19, 2006. I construe the petitioner's Objection as a Motion for Reconsideration rather than as an appeal from the Order. Under the Federal and Local Rules, a Statement of Appeal is the procedure used to appeal an order by a magistrate judge to a district judge.

    I noted in the Order on Initial Review that Mr. Arias, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), purported to bring his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. However, the Eighth Circuit Court of Appeals has ruled that a state prisoner must use 28 U.S.C. § 2254, rather than 28 U.S.C. § 2241 for federal habeas corpus purposes. Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003); Crouch v. Norris, 251 F.3d 720, 724 (8th Cir. 2001). Therefore, the exhaustion requirements of 28 U.S.C. § 2254 apply to the claims asserted in this case.

    The petitioner objects to that position because he is challenging a decision by the Nebraska Board of Parole, not his original judgment of conviction. However, this district court is within the Eighth Circuit, and thus, the decisions of the Eighth Court of Appeals govern this court, just as the U.S. Supreme Court's decisions govern all of the courts in the nation. In addition, the Eighth Circuit's expansive view concerning the scope of § 2254 is the majority view. See, e.g., Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004), cert. denied, 543 U.S. 1063 (2005):

> [I]f a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254 .... Insofar as we held a state prisoner in custody pursuant to the judgment of a state court is subject to § 2254 and its various restrictions, we were in agreement with the Second,

1

> Third, Seventh, and Eighth Circuits ....
>
> There is no merit to Appellant's argument that § 2254 does not apply where a state prisoner challenges parole decisions rather than court rulings. Section 2254 is triggered where a prisoner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) .... A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition. If the terms of § 2254 apply to a state habeas petitioner--i.e., if he is "in custody pursuant to the judgment of a State court" – then we must apply its requirements to him.

Id., 371 F.3d at 787.   See also Coady v. Vaughn, 251 F.3d 480, 488-90 (3d Cir. 2001), in which the habeas petitioner alleged that between the time he committed his offense and the time he was considered for parole, new parole criteria had produced a dramatic statistical reduction in the number of inmates released on parole. The petitioner challenged the new parole guidelines, as applied to him, on ex post facto grounds. While the federal appeals court held that the petitioner had raised a substantial showing of the denial of a constitutional right, the court affirmed dismissal of the petition because of the absence of exhaustion of state judicial remedies.

On the other hand, while it is necessary to exhaust judicial remedies in a habeas case, even those challenging parole decisions, it may be difficult to determine how to do so in parole cases.  See, e.g., Defoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005) (most claims of unconstitutional denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the exhaustion requirement; mandamus lies to enforce an absolute ministerial duty, not a discretionary function).

In addition, by virtue of the U.S. Supreme Court's recent decision in Wilkinson v. Dotson, 544 U.S. 74 (2005), challenges to parole decisions may be raised not only in § 2254 habeas corpus petitions, but also in civil rights actions.  In other words, habeas corpus petitions are not the exclusive remedy for prisoners seeking declaratory or injunctive relief challenging parole eligibility or parole suitability decisions.  The initial determination in either a habeas or civil rights proceeding is always whether the state in question maintains a parole system which, under state law, creates a legitimate expectation of parole, so that a liberty interest in parole arises that is subject to the protections of the Due Process Clause.  Thus, whether actions by the Nebraska Board of Parole may be challenged on due process grounds depends upon whether the liberty interest addressed in Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 12 (1979) ("Greenholz") applies to inmates in state custody in Nebraska.  If a court determines that state law creates a constitutionally protected liberty interest in parole, the court may then proceed to examine whether the alleged deprivation of that interest violated the plaintiff's

due process rights.

      In light of the foregoing principles and authorities, filing no. 7, the Objection by the petitioner, John Paul Arias, to the Order on Initial Review, is denied.

      SO ORDERED.

      DATED this 17th day of November, 2006.

                            BY THE COURT:

                            s/ F. A. GOSSETT
                            United States Magistrate Judge