IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN PAUL ARIAS, ) | |
| ) | |
| Petitioner, ) | 4:06CV3208 |
| ) | |
| v. ) | |
| ) | |
| ESTHER CASMER, Nebraska Board of ) | MEMORANDUM AND ORDER ON |
| Parole Members, ROBERT BOOZER, ) | PETITIONER'S RULE 60(b) MOTION, |
| Nebraska Board of Parole Members, ) | RESPONDENTS' MOTION TO DISMISS |
| JAMES PEARSON, Nebraska Board of ) | AND QUASH PETITION FOR WRIT OF |
| Parole Members, MIGUEL GOMEZ, ) | HABEAS CORPUS AND DECLARATORY |
| Nebraska Board of Parole Members, ) | JUDGMENT, AND PETITIONER'S |
| ROSALYN COTTON, Nebraska Board of ) | MOTION FOR EXPEDITED RULING |
| Parole Members, ROBERT HOUSTON, ) | |
| Director of Nebraska Department of ) | |
| Correctional Services, CAMERON WHITE, ) | |
| Director of Mental Health Services, ) | |
| Nebraska Department of Correctional ) | |
| Services, and NEBRASKA ) | |
| DEPARTMENT OF CORRECTIONAL ) | |
| SERVICES, ) | |
| ) | |
| Respondents. ) | |
| ) | |

By my Memorandum and Order on Defendants' Rule 60(b) Motion dated November 7, 2007, I granted the Petitioner's Rule 60(b) motion, filing 28, in part, vacated the Memorandum and Order of Dismissal Without Prejudice, filing 27, and granted time for the respondents to file a brief addressing the issue of exhaustion, "or to answer or otherwise respond to the § 2254 petition and file a Designation of Relevant State Court Records," and gave petitioner 30 days thereafter to reply. The respondents, contrary to the petitioner's assertion, did timely respond by filing on November 27, 2007, an Amended Motion to Dismiss and Quash Petition for Writ of Habeas Corpus and Declaratory Judgment, together with a brief in support of that amended motion. The petitioner has not responded to that amended motion or to the brief in support of it, except by filing a "Motion for Expedited Ruling" on December 11, 2007.

It appears to me, then, that the matter of the Rule 60(b) motion is ready for decision.

The only issue remaining after my Memorandum and Order on Defendants' Rule 60(b) Motion of November 7, 2007, is the issue of exhaustion of state remedies.

The petitioner relies upon *Ditter v. Nebraska Board of Parole*, 11 Neb. App. 473, 655 N.W.2d 43 (2002), for his position that he has no remedy available that he has not already tried. The *Ditter* case, however, does not say that Nebraska's habeas corpus law, § 29-2801, is not available. It appears to me that the likelihood is that 29-2801 is available and, inasmuch as the petitioner has not filed in the state courts an action under that section, I conclude that the state remedies have not been exhausted. Accordingly, and for the reasons set out in the Memorandum and Order of November 7, 2007, filing 30, which is now reinstated,

IT IS ORDERED that:

1. the Motion for Expedited Ruling, filing 33, is granted insofar as it requests an expedited ruling and, such ruling is hereby made;

2. the Amended Motion to Dismiss and Quash Petition for Writ of Habeas Corpus and Declaratory Judgment, filing 31, is granted; and

3. the Petition for Writ of Habeas Corpus and Declaratory Judgment, filing 1, is dismissed without prejudice.

Dated January 3, 2008.

                                            BY THE COURT

                                            s/ Warren K. Urbom
                                            United States Senior District Judge