IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHN PAUL ARIAS,                        )
                                        )
                    Petitioner,         )              4:06CV3208
                                        )
        v.                              )
                                        )
ESTHER CASMER, Nebraska Board of        )       MEMORANDUM AND ORDER ON
Parole Members, ROBERT BOOZER,          )        PETITIONER'S RULE 59 MOTION
Nebraska Board of Parole Members,       )
JAMES PEARSON, Nebraska Board of        )
Parole Members, MIGUEL GOMEZ,           )
Nebraska Board of Parole Members,       )
ROSALYN COTTON, Nebraska Board of       )
Parole Members, ROBERT HOUSTON,         )
Director of Nebraska Department of      )
Correctional Services, CAMERON WHITE,   )
Director of Mental Health Services,     )
Nebraska Department of Correctional     )
Services, and NEBRASKA                  )
DEPARTMENT OF CORRECTIONAL              )
SERVICES,                               )
                                        )
                    Respondents.        )
                                        )

        On February 8, 2008, the petitioner, John Paul Arias, filed pro se a motion for relief

pursuant to Federal Rule of Civil Procedure 59(e).  (See filing 37.)  For the following reasons, I

find that the petitioner's motion must be denied.


I.    STANDARD OF REVIEW

        "A district court has broad discretion in determining whether to grant a [Fed.R.Civ.P.

59(e) ] motion to alter or amend judgment . . . ."  Innovative Home Health Care, Inc. v. P.T.-O.T.

Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting Global Network

Techs., Inc. v. Regional Airport Auth., 122 F.3d 661, 665 (8th Cir.1997)).  Rule 59(e) allows the

district court "to correct its own mistakes in the time period immediately following entry of

1

judgment." Id. Although Rule 59(e) motions allow the court to correct "manifest errors of law or fact" and permit the parties to present newly discovered evidence, "[s]uch motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id. (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988).

## II.   ANALYSIS

The petitioner argues that I erred by concluding that Nebraska's habeas corpus statute, Neb. Rev. Stat. § 29-2801, is likely available to him, and that he has therefore failed to exhaust his state remedies.  (See generally filing 39.  See also filing 35 at 2; filing 38 at 4.)  He states:

> The Petitioner believes this Court erred in relying solely on Ditter v. Neb. Bd. of Parole, 11 Neb. App. 473, 655 N.W.2d 43 (2002) in light of Housand v. Sigler, 186 Neb. 414, 183 N.W.2d 493 (1971); Gamron v. Parratt, 199 Neb. 163, 256 N.W.2d 867 (1977); Pruitt v. Parratt, 197 Neb. 854, 251 N.W.2d 179 (1977); Piercy v. Parratt, 202 Neb. 102, 273 N.W.2d 689 (1979); Rehbein v. Clark, 257 Neb. 406, 598 N.W.2d 39 (1999); and Jones v. Cunningham, 371 U.S. 236, 83 S. Ct. 373 (1963).

(Filing 39 at 1-2.)[1]  He then proceeds to explain why each of these cases, along with Rust v. Gunter, 228 Neb. 141, 421 N.W.2d 458 (1988), shows that Nebraska's habeas corpus statute, Neb. Rev. Stat. § 29-2801, does not provide a remedy in his case.  (See generally id.)  Clearly, this is the sort of argument that "could have been offered or raised prior to the entry of judgment," Innovative Home Health Care, Inc., 141 F.3d at 1286, or in the petitioner's previously-filed Rule 60(b) motion, (see filing 37).  Indeed, many of the cases cited in the petitioner's Rule 59 motion were presented to me previously.  (See generally filing 33 (citing, inter alia, Rehbein, 598 N.W.2d 39; Pruitt, 251 N.W.2d 179; Rust, 421 N.W.2d 458); filing 37 (citing, inter alia, Rehbein, 598 N.W.2d 39; Pruitt, 251 N.W.2d 179; Rust, 421 N.W.2d 458).)  Thus, the petitioner's arguments are not of the sort that justify relief pursuant to Rule 59.

The petitioner's position is clear: he feels strongly that § 29-2801 does not provide an

---

[1]I have altered this text by correcting the petitioner's citations to Ditter, 655 N.W.2d 43 (Neb. Ct. App. 2002); Pruitt, 251 N.W.2d 179 (Neb. 1977); and Rehbein, 598 N.W.2d 39 (Neb. 1999).

avenue of relief for him.  And I agree that the cases he cites do lend support to his argument that the Nebraska courts may reject his § 29-2801 petition.  In Piercy v. Parratt, for example, the Nebraska Supreme Court stated,

> We have consistently held that to release a person from a sentence of imprisonment by habeas corpus it must appear that the sentence was absolutely void.  Habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose, unless the sentence has been fully served and the prisoner is being illegally held.  Piercy does not challenge any of his sentences, nor does he contend that he was being illegally held at the time this action was instituted.
>
> Under the facts here habeas corpus is not available to Piercy.

202 Neb. at 105-06, 273 N.W.2d at 691.  Other cases cited by the petitioner also emphasize the "requirement" that the challenged sentence be void, see Rust, 228 Neb. at 142-44, 421 N.W.2d at 459-60; Pruitt, 197 Neb. at 856, 251 N.W.2d at 181, and Rehbein states that "habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence has jurisdiction over the offense and the defendant[,] and the sentence was within the power of the court to impose," 257 Neb. at 412, 598 N.W.2d at 44.  Because the petitioner does not appear to claim that his sentence was void, that the court imposing the sentence lacked jurisdiction over him or over the offense, or that the sentence was beyond the power of the court to impose, the foregoing authorities do indeed suggest that relief will not be available to the petitioner under § 29-2801.

On the other hand, the Nebraska Supreme Court has stated that a habeas petitioner who does not raise "the question of a void sentence" may nevertheless be entitled to a hearing.  See Gamron, 199 Neb. at 164, 256 N.W.2d at 868.  More recently, the Nebraska Supreme Court has explained that habeas corpus "is available to those persons falling within the criteria established by Neb. Rev. Stat. § 29-2801 (Reissue 1995), namely, those who are detained without having been convicted of a crime and committed for the same, those who are unlawfully deprived of their liberty, or those who are detained without legal authority."  Glantz v. Hopkins, 261 Neb. 495, 499, 624 N.W.2d 9, 12 (2001) (emphasis added).  The court added, "The writ is generally available only when the release of the prisoner from the detention he attacks will follow as a

result of a decision in his favor." Id. at 500, 624 N.W.2d at 12 (quoting 39 Am. Jur. 2d Habeas Corpus § 13 at 221-22 (1999)). In the case before me, the petition clearly places the petitioner within the category of persons claiming to be "unlawfully deprived of their liberty," and he does allege that "release . . . from the detention he attacks will follow as a result of a decision in his favor." (See. e.g., filing 1, ¶¶ 84-85; see also id. at 28 ("That after full consideration this Court relieve the Petitioner of the unconstitutional restraint of his liberty by issuing a writ of habeas corpus ordering the Petitioner's release on parole.").) I note too that none of the cases cited by the petitioner states specifically that habeas relief is unavailable in the unique circumstances of this case.[2] Thus, I remain of the view that there is a likelihood that § 29-2801 provides a remedy that is available to the petitioner, and the petitioner has not shown that he "fairly present[ed] his claims to the state courts." O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).

**IT IS ORDERED** that the petitioner's Rule 59 motion, filing 39, is denied.

Dated February 12, 2008.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

---

[2]I note parenthetically that the Nebraska courts have clearly held that other avenues of relief are not available to prisoners who raise claims similar to the petitioner's. See Ditter v. Neb. Bd. of Parole, 11 Neb. App. 473, 480-82, 655 N.W.2d 43, 49-50 (2002) (holding that the Administrative Procedure Act does not apply to appeals from the decisions of the Board of Parole and that "a petition in error proceeding is not available as a means of appeal from the Board following a review"); Moore v. Nebraska Bd. of Parole, 12 Neb. App. 525, 531-39, 679 N.W.2d 427, 434-39 (2004) (holding that writ of mandamus is unavailable to challenge Board's decision to deny a parole hearing under the current version of the relevant statute). Of course, this does not mean that § 29-2801 must be available to the petitioner "by default." I note only that § 29-2801 does not seem to be among those mechanisms that are clearly unavailable to the petitioner under Nebraska law.

4